IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Garron L. Norris, #2001-2245, formerly #281530 ) ) ) Plaintiffs, ) ) vs. ) ) Doctor Salvatore Bianca, ) ) Defendant. ) ) ) | C/A No.: 1:10-1667-JFA-SVH REPORT AND RECOMMENDATION |

This is a civil action filed *pro se* by a South Carolina county detainee.[1] Plaintiff is currently confined at the Cherokee County Detention Center. In the past year, since April 2009, Plaintiff has filed seventeen civil actions in this court. In each case, he requested and was granted *in forma pauperis* status. He again requests that status in this case. As in currently pending Civil Action Nos. 1:10-1338-JFA-SVH and 1:10-1480-JFA-SVH, Plaintiff is claiming medical indifference of Dr. Salvatore Bianca in this case because of the doctor's alleged refusal to provide Plaintiff with prescription medications (Dilantin and Neurontin) that Plaintiff claims are required for his long-term seizure disorder.

In this case, Plaintiff claims that the medication was provided to him while he was briefly hospitalized following a seizure in his cell on June 19, 2010, and that he was

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

discharged with prescriptions for the medications. He claims that Dr. Bianca has the prescriptions, but is refusing to fill them and that Plaintiff has not had them since June 21, 2010. The complaint in this case was signed on June 22, 2010, and the mail in which it was sent to the court is postmarked June 23, 2010. Very similar allegations were contained in the complaint filed in Civil Action No. 1:10-1480-JFA-SVH, although Plaintiff claimed in that case that a slip-and-fall in his cell in early June, followed by a trip to the hospital, precipitated directions from outside medical personnel to detention center personnel that Plaintiff get his seizure medications. A Report and Recommendation was recently entered in Civil Action No. 1:10-1480-JFA-SVH, recommending summary dismissal of that case, *inter alia*, because the medical indifference claim about denial of seizure medications is duplicative of the issue currently being litigated against the same doctor in Civil Action No. 1:10-1338-JFA-SVH.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Following close review of the allegations contained in the Complaint filed in this case, it is clear that this legal issue in this case is substantially duplicative of that currently being litigated against the same Defendant, Dr. Bianca, in Civil Action No. 1:10-1338-JFA-SVH. Service of process in that case was recently issued against Dr. Bianca and his two co-defendants. Even though some of the factual circumstances recounted in the Complaint filed in this case and in Civil Action No. 1:10-1480-JFA-SVH are different,[2] the legal issue–medical indifference from alleged refusal to provide the medications–is

---

[2] The two separate complaints recount two recent falls/seizures (one in each complaint) and resulting hospitalizations followed by instructions from outside medical personnel that the detention center provide Plaintiff with seizure medications.

the same. Plaintiff can supplement his pleadings in the earlier case to bring the more recent relevant facts to the court's attention. Fed. R. Civ. P. 15(d). However, the court will not entertain two separate, essentially identical lawsuits filed by the same individual against the same party. To do so would fly in the face of the important interests of judicial efficiency and economy. When faced with similar circumstances, the Fifth Circuit commented, "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

Furthermore, Plaintiff should be aware that the United States Congress determined that in every federal lawsuit filed by a prisoner in this country, the prisoner becomes financially responsible for a non-dischargeable debt to the United States government in the full amount of the court filing fee in effect at the time the case is filed. This debt becomes the prisoner's financial responsibility under the applicable statutes whether the case he files is ultimately served and pursued to summary judgment or trial or whether it is dismissed by the court following initial review. This determination by Congress was made the law of the land and is published in the United States Code. *See* 28 U.S.C. §§ 1914, 1915. Plaintiff has consented to the imposition of this financial obligation upon himself by signing and submitting motions for leave to proceed in forma pauperis in all of his previous seventeen cases, including Civil Action No. 1:10-1338-JFA-SVH. Because this is his eighteenth non-habeas civil case since April 2009, Plaintiff currently owes the

United States $6300 (18 x $ 350) in filing fees alone. Accordingly, it is in Plaintiff's financial interests to carefully consider the number of federal lawsuits that he files, particularly the number of duplicative lawsuits such as this one.

Here, Plaintiff will have a full opportunity to litigate his claims within the appropriate confines of applicable court procedures in Civil Action No. 1:10-1338-JFA-SVH.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

August 30, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**